FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 27 2025

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NOS. 1:25-CR-39 |
| | § | & 1:25-CR-45 |
| v. | § | |
| | § | |
| V.SHIPS NORWAY, A.S. | § | |

## PLEA AGREEMENT

The Defendant, **V.Ships Norway, A.S.**, the Defendant's undersigned attorney, the

Acting Assistant Attorney General for the Environment & Natural Resources Division of

the U.S. Department of Justice, and the United States Attorney for the Eastern District of

Texas (collectively "Parties") agree to the following, pursuant to **Fed. R. Crim. P.**

**11(c)(1)(C)**:

1.      **RIGHTS OF THE DEFENDANT**:  The Defendant understands that accused

individuals have the following rights, among others:

      a.      to be charged by Indictment;

      b.      to plead not guilty;

      c.      to have a trial by jury;

      d.      to have guilt proved beyond a reasonable doubt;

      e.      to confront and cross-examine witnesses and to call witnesses in
           defense; and

      f.      to not be compelled to testify against oneself.

Plea Agreement – Page 1

2.    **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The Defendant waives these rights and agrees to enter a plea of guilty to the crimes charged in the related Amended Information (Case #1:25CR39) ~~originally~~ filed the Eastern District of Texas and the Information (Case #1:25CR45) filed in the Middle District of Louisiana, both of which charge a violation of 33 U.S.C. § 1908(a) and 18 U.S.C. § 2. The Defendant understands the nature and elements of the crimes to which guilt is admitted and agrees that the Stipulation of fact in Support of guilty Plea ("Joint Factual Statement"), is true and accurate, will be submitted as evidence, and provides a sufficient factual basis for the plea. The Defendant is pleading guilty because it is guilty and wishes to accept responsibility for the criminal conduct described in the Amended Information (Case #1:25CR39) and the Information (Case #1:25CR45) and Joint Factual Stipulation. The Defendant's guilty plea is entered by the Defendant's Managing Director who is authorized by a resolution of the Board of Directors to enter pleas of guilty on the Defendant's behalf and appear and represent the Defendant at sentencing.

3.    **SENTENCE**: The maximum penalties the Court can impose include on each felony count in the Amended Information (Case #1:25CR39) and the Information (Case #1:25CR45) for an organizational defendant is:

a.    a fine not to exceed $500,000 per count, or twice any pecuniary gain to the Defendant or loss to any victim(s) under 18 U.S.C. § 3571(c) and (d);

b.    a term of probation of not less than one year and no more than five years pursuant to 18 U.S.C. § 3561(c)(1);

c.    a mandatory special assessment of $400 per count, which must be paid by cashier's check or money order to the United States District

Clerk before or on the date of sentencing under 18 U.S.C. §3013(a)(2)(B); and

d.    restitution to victims or to the community pursuant to 18 U.S.C. § 3663. The Parties agree there are no victims.

4.    **COURT'S SENTENCING DISCRETION AND AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**:  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and 18 U.S.C. § 3571(d), and in the interest of justice, the Parties agree, based on the information before it that the appropriate disposition of this case is, and recommend jointly that the Court impose a sentence as follows: (a) a criminal fine of $1,000,000 in Case #1:25CR39 and a criminal fine of $1,000,000 in Case #1:25CR45 for a total fine of $2,000,000, (b) a $400 mandatory special assessment in Case #1:25CR39 and a $400 mandatory special assessment in Case #1:25CR45 for a total mandatory special assessment of $800, and (c) a term of probation of four (4) years from the date of sentencing with the option of early termination of probation after three years if the Defendant can show full compliance with the terms of probation in Case #1:25CR39, and a term of probation of four (4) years from the date of sentencing with the option of early termination of probation after three years if the Defendant can show full compliance with the terms of probation in Case #1:25CR45. Both four (4) years terms of probation to run concurrently to each other.  The Parties understand that the Court has the discretion to accept or reject the recommended sentence set forth herein after consideration of the factors set forth in 18 U.S.C. § 3553(a) and the U.S. Sentencing Guidelines Manual. If the Court does not accept the terms of the recommended sentence in full, the Defendant will be given the opportunity to withdraw from the Plea Agreement.

**Plea Agreement – Page 3**

a.  **CRIMINAL FINE**: The Defendant shall pay a criminal fine of $1,000,000 in Case #1:25CR39 and a criminal fine of $1,000,000 in Case #1:25CR45 for a total fine of $2,000,000, pursuant to the alterative fine provision of 18 U.S.C. § 3571(d) in. Both fines shall be payable on the date of sentencing.

b.  **SPECIAL ASSESSMENT**: The Defendant shall pay a $400 mandatory special assessment in Case #1:25CR39 and a $400 mandatory special assessment in Case #1:25CR45 for a total mandatory special assessment of $800 under 18 U.S.C. §3013(a)(2)(B). The $800 total special assessment shall be paid on the date of sentencing.

c.  **PROBATION**: The Defendant will be placed on organizational probation for a period of four years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and U.S.S.G. §§ 8D1.1 and 8D1.2 in both Case #1:25CR39 and Case #1:25CR45 to run concurrently to each other. The terms of probation in both Case #1:25CR39 and Case #1:25CR45 shall include the following specific provisions, in addition to the Court's standard conditions:

> i.  No Further Violations: the Defendant will commit no further violations of the International Convention for the Prevention of Pollution from Ships, as amended ("MARPOL"), federal, state, and local environmental laws.
>
> ii.  Payments: the Defendant will make payment in full of the monetary amounts as set forth herein.
>
> iii.  Environmental Compliance Plan ("ECP"): the Defendant agrees to develop, adopt, establish, implement and fund the environmental remedial measures set forth and attached hereto as Attachment 1, during its term of probation, consistent with sentencing policies set forth in U.S.S.G. §

8D1.4. As set forth in Attachment 1, the Defendant has agreed to retain the services of an outside independent Third-Party Auditor to perform external audits and to fund a CAM to perform the duties set forth in the ECP and to report to the Court and the United States Probation Office for the Eastern District of Texas.

iv. <u>Modification/ Termination:</u> the Government agrees it will consider the CAM's determinations, the Probation Office for the Eastern District of Texas, and the Defendant's compliance with the terms of probation in its position on the Defendant's requests for modification or termination of probation.

d. **RESTITUTION**: The Defendant understands that restitution may be ordered by the Court. The United States and the Defendant agree there is no restitution in this case.

e. **FORFEITURE**: The United States and the Defendant agree there is no forfeiture in this case.

5. **GOVERNMENT'S AGREEMENT**: Provided that the Defendant complies fully with the terms of this Plea Agreement, the U.S. Attorney's Offices for the Eastern District of Texas and the Middle District of Louisiana, and the Environmental Crimes Section of the U.S. Department of Justice, agree to forgo additional criminal prosecution against the Defendant in either District for any additional environmental offenses, or related offenses, involving the *M/T Swift Winchester*, including, but not limited to, allegations of falsification of Oil Record Books or violations of the Act to Prevent Pollution from Ships occurring before the date of this Plea Agreement and which are known to the United States at the time of signing this Plea Agreement.

Plea Agreement – Page 5

6.    **VIOLATION OF AGREEMENT**:  The Defendant understands that upon violation of any provision of this Agreement or any Court order or rule, or if the guilty plea pursuant to this Agreement is vacated or withdrawn, the Government will be free from its obligations under this Agreement and may prosecute the Defendant for all offenses of which it has knowledge for any prosecution that is not time-barred on the date that this Plea Agreement is signed.  In such event, the Defendant waives any objections based on delay in prosecution.

7.    **VOLUNTARY PLEA**:  The Defendant's plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this Agreement.

8.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the Defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in both Case #1:25CR39 and Case #1:25CR45 on all grounds.  The Defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.  The Defendant, however, reserves the right to appeal the failure of the Court, after accepting this Agreement, to impose a sentence in accordance with the terms of this Agreement.  The Defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

9.    **REPRESENTATION OF COUNSEL**:  The Defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with

**Plea Agreement – Page 6**

defense counsel's legal representation. The Defendant has received satisfactory explanations from defense counsel concerning each paragraph of this Plea Agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this Agreement rather than proceeding to trial.

10.    **CORPORATE AUTHORIZATION**: The Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself, its subsidiaries and assigns to the terms of this Plea Agreement and the Environmental Compliance Plan. At the time of submission of this Plea Agreement to the Court, the Defendant shall provide to the Court and the United States a written statement in the form of notarized legal documents certifying that the Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that the Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

11.    **LIMITATIONS ON THIS AGREEMENT**: This Plea Agreement is only binding on the United States Attorney's Offices for the Eastern District of Texas and the Middle District of Louisiana and the Environmental Crimes Section of the Department of Justice, and does not bind any other federal, state, or local prosecuting authority. The Defendant understands and agrees that this Plea Agreement does not limit the prosecuting authority of any other sections or divisions of the U.S. Department of Justice, including the United States Attorney of any judicial district not a party to this Plea Agreement, or any other

**Plea Agreement – Page 7**

federal, state, or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including, but not limited to, fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Plea Agreement has no effect on any proceedings against any party not expressly mentioned herein, including the actual or potential criminal liability of any individuals. The United States Attorney Offices for the Eastern District of Texas, the Middle District of Louisiana and the Environmental Crimes Section will bring this Plea Agreement and the full extent of the Defendant's cooperation to the attention of other prosecuting offices, if requested.

12.    **PAYMENTS TO WHISTLEBLOWER(S)**: The Defendant agrees not to take any position, or cause another to take any position, or ask another to submit a position as an *amicus curie*, on any Government motion which may be filed for payment of fine money, pursuant to 33 U.S.C. § 1908(a) to the person(s) who provided information leading to the imposition of the criminal penalties in this case.

13.    **UNDUE DELAY CLAIMS**: The Defendant waives any claim for damages pursuant to 33 U.S.C. § 1904(h).

14.    **ENTIRETY OF AGREEMENT**:  This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  References in this document to "Agreement" or "Plea Agreement" refer to both this document and the sealed addendum.

Plea Agreement – Page 8

The Defendant, the Defendant's attorney, and the Government acknowledge that this agreement is a complete statement of the Parties' agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all Parties.  No other promises have been made or implied.

Respectfully submitted,

JAY R. COMBS
ACTING UNITED STATES
ATTORNEY

By: _____          _____
Joseph Batte                                                        Date
Assistant United States Attorney


ELLISON C. TRAVIS
Acting United States Attorney
Middle District of Louisiana

By: _____          _____
Edward H. Warner                                               Date
Assistant United States Attorney


ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources
Division
Department of Justice

By: _____          _____
Kenneth E. Nelson                                              Date
Senior Trial Attorney

**Plea Agreement – Page 9**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 27 Aug. 2025

_____
V.SHIPS NORWAY A.S.
Defendant


I am counsel for the Defendant. I have carefully reviewed every part of this Plea Agreement with the Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 27 August 2025

_____
STEPHANIE MCGUIRE
Attorney for the Defendant

Plea Agreement – Page 10